UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIE HUGH WALKER, JR.,

    Plaintiff,

v.

UNITED STATES OF AMERICA, PUGET SOUND NAVAL SHIPYARD, in their official capacity as Plaintiff's Federal Employer, and SECRETARY OF LABOR OFFICE OF WORKERS' COMPENSATION PROGRAMS in their official capacity as Administrator of a Federal Law for Federal Employees' employment related injuries sustained while in the performance of a duty,

    Defendants.

Case No. C07-5513RJB

ORDER

This matter comes before the Court on Defendants' Motion to Dismiss and Motion for Injunctive Relief. Dkt. 7. This Court has considered the pleadings filed in support of and in opposition to these motions, and the remaining file herein.

## I. FACTS

On September 24, 2007, Plaintiff filed a civil suit against the United States, the Puget Sound Naval Shipyard ("PSNS"), and the Secretary of Labor for the Office of Workers' Compensation Programs ("OWCP"). Dkt. 1. His claims arise from his employment as a sandblaster at PSNS from 1979 to 1984, injuries he alleges he suffered as a result, and the Defendants' subsequent handling of his various workers' compensation claims pursuant to the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8128. *Id.* Plaintiff claims that

ORDER - 1

Defendant OWCP's failure to provide him with disability compensation was a "fraudulent act," denied Plaintiff his "equal protection and procedural due process rights afforded to him by the 5th Amendment to the United States Constitution," and violated FECA. *Id.* at 3. Plaintiff refers to a OWCP decision issued on May 27, 2005, and a "Demand for Payment" letter Plaintiff sent on August 17, 2007 to OWCP. *Id.* Plaintiff alleges that Defendant OWCP did not respond to his letter of August 17, 2007. *Id.*, at 5. Plaintiff seeks $5,000,000.00 in damages. *Id*.

This matter is one of several actions brought in U.S. District Court by Plaintiff against the United States, its agencies, and employees regarding his employment at PSNS and the denial of his FECA benefits. *See e.g. Walker v. United States Dept. of Labor, et al.*, Western District of Washington cause number C96-842; *Walker v. United States, et al.*, Western District of Washington cause number C97-1279; *Walker v. United States, et al.*, Western District of Washington cause number C03-1418L; *Walker v. United States, et al.*, Western District of Washington cause number C05-5742RJB.

In May of 1996, Plaintiff filed suit in U.S. District Court under the Federal Tort Claims Act ("FTCA") alleging OWCP erroneously denied his claim for benefits, committed various torts including "negligence, medical malpractice, wantonness, wilfulness, and constitutional violations" (Case No. C96-842). Dkt. 8-2, at 26-37. The case was dismissed for 1) lack of subject matter jurisdiction due to Plaintiff's failure to file an administrative tort claim, 2) lack of subject matter jurisdiction to review denial of worker's compensation benefits, and 3) a finding that his constitutional claims were not cognizable under FTCA. Dkt. 8-3, at 2-3.

On August 4, 1997, Plaintiff filed suit under the FTCA against the United States, OWCP, PSNS and various individual employees of the United States, (No. C97-1279). Dkt. 8-3, at 12-23. Plaintiff's Complaint alleged that his worker's compensation claims had been denied because he was black, and therefore deprived him of his equal protection rights, and that he had been deprived of due process in the denial of his claims. *Id.* The matter was dismissed upon the government's motions for summary judgment because Plaintiff failed to support his equal protection claim with

ORDER - 2

sufficient evidence and the evidence established that he had no valid due process claim. *Id*. at 25-31.

In June of 2003, Plaintiff again filed suit in the Western District of Washington, (No. C03-1418RSL). Dkt. 8-4, at 18-25. In that matter, Plaintiff alleged in his Complaint ("2003 Complaint") that PSNS failed to supply him with adequate protective clothing, PSNS negligently and wantonly ordered him back to work even though he had demonstrated that repeated exposure was worsening his condition, and that sending him back to his regular duties constituted medical malpractice. *Id*. He alleged PSNS and OWCP conspired against him to deny his worker's compensation benefits. *Id.* Plaintiff alleged violations of his equal protection and due process rights. *Id.* Plaintiff alleged that OWCP's denial of his claims amounted to fraud. *Id.* The action was dismissed because: 1) Plaintiff's claims under the FTCA were not properly exhausted and they were barred by the exclusive remedy provision of the FECA, 2) Plaintiff failed to allege sufficient facts to support his fraud or civil conspiracy claims, 3) the United States did not waive sovereign immunity and so any monetary damages asserted for alleged violations of his equal protection or due process rights would be barred, and 4) lack of subject matter jurisdiction to review the merits of his worker's compensation claim. Dkt. 8-5, at 24-27.

On November 14, 2005, Plaintiff filed a civil suit against the United States, PSNS, and the OWCP. *Walker v. United States, et al.*, Western District of Washington Cause number 05-5742RJB. Plaintiff's Complaint in this case ("2005 Complaint") indicated that at some time during his employment he was placed on light duty, but was ordered to return to his regular duties in February of 1983. Dkt. 8-9, at 2. Plaintiff's 2005 Complaint alleged that as a result of having contact "with offending agents" he "sustained an allergic sensitization injury and disease, which from February 1983 through July 1983 caused Plaintiff's eczema, asthma and urticaria injuries, along with allergy to molds, pollens and latex injury, while in performance of his duties as a sandblaster for Defendant PSNS." *Id*. at 4. Plaintiff claimed, in his 2005 Complaint, that as a result of being ordered back to his regular duties, Defendants violated his "equal protection and

ORDER - 3

due process rights because the Plaintiff was denied of his rights to receive reasonable accommodation for his said physical handicaps and work restrictions, in clear violation of Section 501 of the Rehabilitation Act of 1973." *Id*. at 6.  Plaintiff further alleged that his equal protection and due process rights, and FECA were violated when Defendant OWCP denied his "employment related urticaria and allergy to molds, pollens and latex claims" due to lack of medical evidence. *Id.* at 6, 8.  Plaintiff alleged that OWCP's decision, in January of 2004, to designate his "employment related asthma claim" a "temporary aggravation" violated his equal protection and due process rights, and FECA, because there was medical evidence to the contrary. *Id.* at 10. Plaintiff also made allegations regarding the manner in which the Defendants were processing his FECA claims.  For example, Plaintiff alleged that Defendant PSNS's failure to timely complete a worker's compensation form in June of 2004, violated his equal protection and due process rights. *Id.* at 11.

On July 18, 2006, Plaintiff's claims relating to events occurring before April 28, 2004 were dismissed with prejudice because they were barred by *res judicata*.  Dkt. 8-9, at 15.  (April 28, 2004 was the date cause number C03-1418RSL, filed in the Western District of Washington, was dismissed.)  All non-constitutional claims related to events occurring after April 28, 2004 were dismissed with prejudice because Plaintiff had not exhausted his administrative remedies as required by the FTCA, and because federal court review of the merits of Plaintiff's FECA claim is generally precluded by 5 U.S.C. § 8128.  *Id*., at 6 (*citing Rodrigues v. Donovan*, 769 F.2d 1344 (9th Cir. 1985).  However, because the Ninth Circuit has determined that federal courts do retain jurisdiction to review substantial constitutional claims relating to the denial of FECA benefits, *See Rodrigues* at 1348, Plaintiff's constitutional claims, based on events occurring after April 28, 2004, were dismissed without prejudice.  *Id*. (finding that Plaintiff failed to allege sufficient facts to support those claims).  Plaintiff was given fourteen days to amend his complaint upon the following narrowly drawn grounds: "facts which have arisen after the April 28, 2004 order dismissing his 2003 case, which Plaintiff alleges support substantial constitutional violations in the

ORDER - 4

denial of his FECA benefits." *Id.*, at 7. Plaintiff was cautioned that monetary damages would be barred as a matter of law for claims that his constitutional rights were violated in the denial of his FECA claim, as the United States and its agencies have not waived their sovereign immunity from lawsuits seeking money damages for constitutional violations in this context. *Id.* (*citing Daly-Murphy v. Winston*, 837 F.2d 348, 356 (9th Cir. 1987)).

Plaintiff filed an Amended Complaint on July 27, 2006 ("2005 Amended Complaint"). Dkt. 8-9, at 25. Plaintiff's claims arose from two written decisions by OWCP. *Id.* The first is a letter dated January 30, 2004, which opened Plaintiff's employment related asthma injury claim, but only for temporary aggravation and not for permanent disability. *Id.* at 26-7. The second decision, dated May 27, 2005, was a determination that Plaintiff was not disabled and was not entitled to wage compensation. *Id.* Plaintiff's 2005 Amended Complaint stated that: 1) OWCP "denied him of his equal protection rights guaranteed by U.S.C.A. [sic] Const. Amend. 14, by concluding that their correspondence dated January 30, 2004 was not intended as, nor does it constitute a decision, causing Plaintiff to be denied of his right to file an Appeal," 2) OWCP's May 27, 2005, decision to deny Plaintiff's FECA claim for benefits "denied Plaintiff of his equal protection rights guaranteed by U.S.C.A. [sic] Const. Amend. 14, because Plaintiff had provided said defendant with a medical report dated June 8, 2004" which indicated he was disabled, and 3) OWCP committed fraud against Plaintiff "when stating in their decision dated May 27, 2005, that at the time of Plaintiff's termination his employing agency was providing him light duty for his work injury" and

> When stating in their decision dated May 27, 2005, that he have [sic] not provided any evidence that his employing agency committed any error or abuse in his case, because the Plaintiff had provided said defendant with two medical reports . . . . But because of Plaintiff's race (Black), said Defendant so negligently, wantonly or willfully concluded that Plaintiff have not provided them with any evidence that his employing agency had committed any error or abuse in his case.

*Id.* Plaintiff sought $5,000,000.00 dollars in damages. *Id.*

On October 6, 2006, this Court granted Defendants' Motion to Dismiss the Amended Complaint in that case. Dkt. 8-9, at 33. Claims related to events prior to the April 2004 dismissal

ORDER - 5

were again dismissed with prejudice as barred by *res judicata*. *Id.*, at 37. Claims not based on the constitution and related to events after April 2004 were dismissed because the Court lacked jurisdiction to review the merits of the claims and Plaintiff failed to exhaust his administrative remedies. *Id.* Plaintiff's equal protection and due process claims, based on the denial of benefits after April 2004, were dismissed without prejudice for failing to allege sufficient facts to support his claims. *Id.*, at 38-39. The final judgment was entered on October 17, 2006. The United States Court of Appeals for the Ninth Circuit summarily affirmed this Court's judgment. Dkt. 8-9, at 47-48.

## *PENDING MOTIONS*

Defendants move for dismissal of Plaintiff's complaint arguing that: 1) Plaintiff's claims are barred by *res judicata*, and 2) Plaintiff should be enjoined from filing future complaints based on facts related to the injuries he allegedly suffered while employed at the PSNS and any related FECA claims based on those injuries. Dkt. 7. Plaintiff files a Response, arguing that: 1) Plaintiff should be permitted to reopen the 2005 action, and 2) Defendants' present Motion to Dismiss fails to offer any medical evidence in opposition to that presented by Plaintiff. Dkt. 11. In their Reply, Defendants argue that Plaintiff failed to address the substantive legal grounds on which the Motion to Dismiss is based. Dkt. 12. Plaintiff files a supplemental pleading in which he argues that the Court should deny Defendants' Motion as it applies to his constitutional claims based upon events after April 2004. Dkt. 13. He notes that Defendants have not filed an answer to his complaint and moves the Court to "conclude . . . that all of his allegations that is [sic] stated in his said action are deemed admitted . . . due to Defendant's failure to comply with Rule 8(b)." Dkt. 13, at 3.

## II. DISCUSSION

### A. STANDARD

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as

ORDER - 6

admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007)(*internal citations omitted*). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

### B.   *RES JUDICATA*

*Res judicata* (claim preclusion) bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action. *Western Radio Servs. Co. v. Glickman,* 123 F3d. 1189, 1192 (9th Cir. 1997) (*citing Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981)). "In order for *res judicata* to apply there must be: 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties." *Id*. (*citing Blonder-Tongue Lab. v. University of Ill. Found.,* 402 U.S. 313, 323-24 (1971)). "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." *Frank v. United Airlines, Inc.,* 216 F.3d 845, 851 (9th Cir. 2000)(*internal citations omitted*).

#### 1.   Fraud Claim

Plaintiff's fraud claim is barred by *res judicata*. There is an identity of claims between his fraud claim in the 2003 case and the present suit. Plaintiff argued in the 2003 action that OWCP's denial of his claim for benefits amounted to fraud. Dkt. 8-4, at 18-25. Plaintiff alleges here that OWCP's "decision not to provide him with said period of disability compensation benefits [sic] payments for his accepted employment related asthma injury claim brought under the Act . . . was a fraudulent [sic] act." Dkt. 1, at 3. After this Court limited him to claims predicated on facts

ORDER - 7

occurring after the April 2004 dismissal of the 2003 case, he alleged in the 2005 Amended Complaint that OWCP committed fraud against him in their decision dated May 27, 2005. Dkt. 8-9, at 29. To the extent that he brings a fraud claim in the present suit based upon the May 27, 2005 OWCP letter, there is also an identity of claims with the 2005 case's fraud claim. There is an identity of claims between the fraud claims Plaintiff brought in 2003, 2005 and in the present case. Moreover, there is no dispute that the transactional nucleus of facts and parties are identical. Plaintiff does not dispute the finality of the prior judgment on his fraud claim. Plaintiff's fraud claim was brought in the 2003 and 2005 case, and so is barred by *res judicata.*

### 2. FECA Claims

There is also an identity of claims between Plaintiff's current claims that the decision to deny him benefits violated FECA and his FECA claims in the 2005 case. For example, in the 2005 case Plaintiff alleged that FECA was violated when Defendant OWCP denied his "employment related urticaria and allergy to molds, pollens and latex claims" due to lack of medical evidence. Dkt. 8-9 at 6. In the present action Plaintiff challenges OWCP's decision to deny him benefits as a violation of FECA due to the "failure to offer any medical evidence in opposition to that presented by the Plaintiff." Dkt. 1, at 3. As above, there is no dispute that the transactional nucleus of facts and parties are identical. Plaintiff does not dispute the finality of the prior judgment. All Plaintiff's FECA claims are barred by *res judicata*.

### 3. Constitutional Claims Based on Facts Before April of 2004

To the extent that Plaintiff brings equal protection and due process claims predicated upon facts occurring before the April 2004 decision dismissing the 2003 case, Plaintiff's claims are barred by *res judicata*. In both the 2003 case and in the original complaint in the 2005 case, Plaintiff asserted that his equal protection and due process rights were violated when Defendant OWCP denied various workman's compensation claims. Dkts. 8-4 at 22, and 8-9, at 6-7. To the extent that the claims were based on facts occurring before April 2004, the 2005 claims were dismissed with prejudice. Dkt. 8-9, at 15. Plaintiff again claims that OWCP's decision denied his equal protection and procedural due process rights. Dkt. 1, at 3. There is an identity in claims

ORDER - 8

between the 2003, 2005, and current constitutional claims based on facts occurring before April of 2004. There is no dispute that the parties are identical and the judgment on this issue was final and on the merits. Accordingly, to the extent that Plaintiff makes equal protection and due process claims based upon facts occurring before April of 2004, they are barred by *res judicata*.

    4.  <u>Constitutional Claims Based on Facts Occurring After April 2004</u>

  Defendants' Motion to Dismiss Plaintiff's constitutional claims based on events occurring after April 28, 2004 should be denied. This Court permitted Plaintiff to amend his 2005 Complaint upon the following narrowly drawn grounds: facts which have arisen after the April 28, 2004 order dismissing his 2003 case, which he alleges support substantial constitutional violations in the denial of his FECA benefits. Dkt. 8-9, at 15. After Plaintiff filed his 2005 Amended Complaint, this Court granted Defendants' motion to dismiss holding that, pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff failed to allege sufficient facts to state a claim for either his equal protection or due process claim. *Id.*, at 33. The dismissal of these claims was without prejudice. *Id*.

  In Plaintiff's opposition to Defendants' motion he notes that the dismissal of the 2005 Amended Complaint was, in part, without prejudice, and argues that he "should be allowed to reopen" his 2005 case in light of the circumstances. Dkt. 11, at 9. He also files a supplemental pleading, and urges the Court to deny Defendants' Motion insofar as his constitutional claims are based upon facts after April 28, 2004. Dkt. 13. The precise contours of Plaintiff's constitutional claims are unclear in the present Complaint. In his supplemental pleading, however, Plaintiff argues that his equal protection and due process rights were violated in OWCP's May 27, 2005 decision denying him benefits. Dkt. 13, at 4. Although there is an identity of claims and parties, this Court cannot say that a final judgment on the merits was made as to these constitutional claims. *Res judicata* does not bar Plaintiff's equal protection and due process claims based upon events occurring after April 28, 2004. At this early motion stage of this case, Defendants' Motion to Dismiss should be denied as to these claims. (The Court notes that Defendants' Motion was only brought on the *res judicata* theory).

  **C.**  **DEFENDANTS' MOTION FOR INJUNCTIVE RELIEF**

ORDER - 9

Defendants seek an order forbidding Plaintiff from filing another lawsuit related to any injuries allegedly suffered while employed at PSNS, or any FECA claims related to any such injuries without first obtaining leave of Court. Dkt. 7, at 16-17.

Although a close question, at this stage in this case the Court can not say that an injunction of this nature is appropriate. However, the Court has carefully reviewed the record and strongly cautions Plaintiff to avoid filing anything which is frivolous or is intended to harass others in violation of Fed. Civ. R. Pro. 11. Sanctions for violating Rule 11 include the imposition of fines or dismissal of the case with prejudice. Plaintiff should also be aware that the Court has inherent power to "'regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.'" *DeLong v. Hennessey and Mansfield,* 912 F.2d 1144, 1147 (9th Cir. 1990)(*quoting Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)).

It is unclear from the pleadings if Plaintiff is attempting to move to amend his complaint. Should he choose to amend his complaint, he should do so by motion, and in accord with the rules. Plaintiff has now had several of his claims dismissed with prejudice, including his fraud, FECA, and constitutional claims based upon events prior to April 28, 2004. If he moves to amend his complaint, he should limit his claims to constitutional claims based on events occurring after the April 2004 dismissal of the 2003 case. As he was cautioned in the 2005 case, he should also be mindful that monetary damages are not available. Dkt. 8-9, at 15, and 33 (*citing Daly-Murphy v. Winston*, 837 F.2d 348, 356 (9th Cir. 1987)(to the extent Plaintiff may consider seeking money damages for a constitutional violation, his claim would be barred as a matter of law as the United States and its agencies have not waived their sovereign immunity from lawsuits seeking money damages for constitutional damages). A great deal of time and effort has been expended on these cases. Plaintiff is warned that if he chooses to amend his complaint and alleges fraud claims, FECA claims, or constitutional claims based on facts occurring before April 28, 2004, he runs a high risk of incurring sanctions pursuant to Rule 11.

**D.    MOTION FOR DEFAULT**

To the extent that Plaintiff makes a motion for default it should be denied. Pursuant to

ORDER - 10

Fed. R. 12 (a)(3)(A) the United States, an agency of the United States, or an officer or employee of the United States sued in an official capacity, shall serve an answer to a complaint within 60 days after the United States Attorney is served. Fed. R. Civ. P. 12(a)(4)(A) provides in pertinent part, "service of a motion permitted under this rule alters [the] period[] of time as follows: if the Court denies the motion . . . the responsive pleading shall be served within 10 days after notice of the court's action."

The Complaint in this matter was filed on September 24, 2007. Dkt. 1. Although it is unclear when the U.S. attorney was served, the instant Motion to Dismiss was filed on November 21, 2007. Dkt. 7. Accordingly, the Motion to Dismiss was filed less than 60 days after the complaint. Plaintiff's motion should be denied.

## II.  ORDER

Therefore, it is now **ORDERED** that:

- Defendants' Motion to Dismiss (Dkt. 7) is **GRANTED, IN PART, AND DENIED IN PART**. All Plaintiff's claims are dismissed with prejudice as barred by *res judicata,* except Plaintiff's constitutional claims based upon events occurring since April 28, 2004.
- Defendants' Motion for Injunctive Relief (Dkt. 7) is **DENIED WITHOUT PREJUDICE**;
- Plaintiff's Motion for Default Judgment (Dkt. 12) is **DENIED**.
- The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

DATED this 20th day of December, 2007.

ROBERT J. BRYAN
United States District Judge

ORDER - 11