UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIE HUGH WALKER, JR., <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>UNITED STATES OF AMERICA, PUGET SOUND NAVAL SHIPYARD, in their official capacity as Plaintiff's Federal Employer, and SECRETARY OF LABOR OFFICE OF WORKERS' COMPENSATION PROGRAMS in their official capacity as Administrator of a Federal Law for Federal Employees' employment related injuries sustained while in the performance of a duty, <br><br>　　　　　Defendants. | Case No.  C07-5513RJB; <br>　　　　　　　C05-5742RJB <br><br>ORDER |

This matter comes before the Court on Defendants' Second Motion to Dismiss. Dkt. 15. This Court has considered the pleadings filed in support of and in opposition to this motion, and the remaining file herein.

## I. FACTS

On September 24, 2007, Plaintiff filed a civil suit against the United States, the Puget Sound Naval Shipyard ("PSNS"), and the Secretary of Labor for the Office of Workers' Compensation Programs ("OWCP"). Dkt. 1. (This opinion refers to the complaint in this case as the "2007 Complaint.") Plaintiff's claims arise from his employment as a sandblaster at PSNS from 1979 to 1984, injuries he alleges he suffered as a result, and the Defendants' subsequent

ORDER - 1

handling of his various workers' compensation claims pursuant to the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8128. *Id.* Plaintiff claims that Defendant OWCP's failure to provide him with disability compensation was a "fraudulent act," denied Plaintiff his "equal protection and procedural due process rights afforded to him by the 5th Amendment to the United States Constitution," and violated FECA. *Id*. at 3. Plaintiff refers to a OWCP decision issued on May 27, 2005, and a "Demand for Payment" letter Plaintiff sent on August 17, 2007 to OWCP. *Id.* Plaintiff alleges that Defendant OWCP did not respond to his letter of August 17, 2007. *Id.*, at 5. Plaintiff seeks $5,000,000.00 in damages. *Id*.

### A. REVIEW OF PRIOR LITIGATION

This matter is one of several actions brought in U.S. District Court by Plaintiff against the United States, its agencies, and employees regarding his employment at PSNS and the denial of his FECA benefits. *See e.g. Walker v. United States Dept. of Labor, et al.*, Western District of Washington cause number C96-0842JCC; *Walker v. United States, et al.*, Western District of Washington cause number C97-1279JCC; *Walker v. United States, et al.*, Western District of Washington cause number C03-1418RSL; *Walker v. United States, et al.*, Western District of Washington cause number C05-5742RJB.

In May of 1996, Plaintiff filed suit in U.S. District Court under the Federal Tort Claims Act ("FTCA") alleging OWCP erroneously denied his claim for benefits, committed various torts including "negligence, medical malpractice, wantonness, wilfulness, and constitutional violations" (Case No. C96-842). Dkt. 8-2, at 26-37. The case was dismissed for 1) lack of subject matter jurisdiction due to Plaintiff's failure to file an administrative tort claim, 2) lack of subject matter jurisdiction to review denial of worker's compensation benefits, and 3) a finding that his constitutional claims were not cognizable under FTCA. Dkt. 8-3, at 2-3.

On August 4, 1997, Plaintiff filed suit under the FTCA against the United States, OWCP, PSNS and various individual employees of the United States, (No. C97-1279). Dkt. 8-3, at 12-23. Plaintiff's Complaint alleged that his worker's compensation claims had been denied because he

ORDER - 2

was black, and therefore deprived him of his equal protection rights, and that he had been deprived of due process in the denial of his claims. *Id.* The matter was dismissed upon the government's motions for summary judgment because Plaintiff failed to support his equal protection claim with sufficient evidence and the evidence established that he had no valid due process claim. *Id*. at 25-31.

In June of 2003, Plaintiff again filed suit in the Western District of Washington, (No. C03-1418RSL). Dkt. 8-4, at 18-25. In that matter, Plaintiff alleged in his Complaint ("2003 Complaint") that PSNS failed to supply him with adequate protective clothing, PSNS negligently and wantonly ordered him back to work even though he had demonstrated that repeated exposure was worsening his condition, and that sending him back to his regular duties constituted medical malpractice. *Id*. He alleged PSNS and OWCP conspired against him to deny his worker's compensation benefits. *Id.* Plaintiff alleged violations of his equal protection and due process rights. *Id.* Plaintiff alleged that OWCP's denial of his claims amounted to fraud. *Id.* The action was dismissed because: 1) Plaintiff's claims under the FTCA were not properly exhausted and they were barred by the exclusive remedy provision of the FECA, 2) Plaintiff failed to allege sufficient facts to support his fraud or civil conspiracy claims, 3) the United States did not waive sovereign immunity and so any monetary damages asserted for alleged violations of his equal protection or due process rights would be barred, and 4) lack of subject matter jurisdiction to review the merits of his worker's compensation claim. Dkt. 8-5, at 24-27.

On November 14, 2005, Plaintiff filed a civil suit against the United States, PSNS, and the OWCP. *Walker v. United States, et al.*, Western District of Washington Cause number 05-5742RJB. Plaintiff's Complaint ("2005 Complaint") indicated that at some time during his employment he was placed on light duty, but was ordered to return to his regular duties in February of 1983. Dkt. 8-9, at 2. Plaintiff's 2005 Complaint alleged that as a result of having contact "with offending agents" he "sustained an allergic sensitization injury and disease, which from February 1983 through July 1983 caused Plaintiff's eczema, asthma and urticaria injuries,

ORDER - 3

1 along with allergy to molds, pollens and latex injury, while in performance of his duties as a
2 sandblaster for Defendant PSNS." *Id*. at 4.  Plaintiff claimed, in his 2005 Complaint, that as a
3 result of being ordered back to his regular duties, Defendants violated his "equal protection and
4 due process rights because the Plaintiff was denied of his rights to receive reasonable
5 accommodation for his said physical handicaps and work restrictions, in clear violation of Section
6 501 of the Rehabilitation Act of 1973." *Id*. at 6.  Plaintiff further alleged that his equal protection
7 and due process rights, and FECA were violated when Defendant OWCP denied his "employment
8 related urticaria and allergy to molds, pollens and latex claims" due to lack of medical evidence.
9 *Id.* at 6, 8.  Plaintiff alleged that OWCP's decision, in January of 2004, to designate his
10 "employment related asthma claim" a "temporary aggravation" violated his equal protection and
11 due process rights, and FECA, because there was medical evidence to the contrary.  *Id.* at 10.
12 Plaintiff also made allegations regarding the manner in which the Defendants were processing his
13 FECA claims.  For example, Plaintiff alleged that Defendant PSNS's failure to timely complete a
14 worker's compensation form in June of 2004, violated his equal protection and due process rights.
15 *Id.* at 11.

16        On July 18, 2006, Plaintiff's claims in the 2005 Complaint relating to events occurring
17 before April 28, 2004 were dismissed with prejudice because they were barred by *res judicata*.
18 Dkt. 8-9, at 15.  (April 28, 2004 was the date cause number C03-1418RSL was dismissed.)  All
19 non-constitutional claims in the 2005 Complaint relating to events occurring after April 28, 2004
20 were dismissed with prejudice because Plaintiff had not exhausted his administrative remedies as
21 required by the FTCA, and because federal court review of the merits of Plaintiff's FECA claim is
22 generally precluded by 5 U.S.C. § 8128.  *Id*., at 6 (*citing Rodrigues v. Donovan*, 769 F.2d 1344
23 (9th Cir. 1985).  However, because the Ninth Circuit has determined that federal courts do retain
24 jurisdiction to review substantial constitutional claims relating to the denial of FECA benefits, *See
25 Rodrigues* at 1348, Plaintiff's constitutional claims in the 2005 Complaint, based on events
26 occurring after April 28, 2004, were dismissed without prejudice.  *Id*. (The Court found that

ORDER - 4

1  Plaintiff failed to allege sufficient facts to support those claims).  Plaintiff was given fourteen days
2  to amend his 2005 Complaint upon the following narrowly drawn grounds: "facts which have
3  arisen after the April 28, 2004 order dismissing his 2003 case, which Plaintiff alleges support
4  substantial constitutional violations in the denial of his FECA benefits." *Id.*, at 7.  Plaintiff was
5  cautioned that monetary damages would be barred as a matter of law for claims that his
6  constitutional rights were violated in the denial of his FECA claim, as the United States and its
7  agencies have not waived their sovereign immunity from lawsuits seeking money damages for
8  constitutional violations in this context.  *Id*. (*citing Daly-Murphy v. Winston*, 837 F.2d 348, 356
9  (9th Cir. 1987)).
10
11         Plaintiff filed an Amended Complaint on July 27, 2006 ("2005 Amended Complaint").
12  Dkt. 8-9, at 25.  Plaintiff's claims arose from two written decisions by OWCP.  *Id*.  The first is a
13  letter dated January 30, 2004, which opened Plaintiff's employment related asthma injury claim,
14  but only for temporary aggravation and not for permanent disability.  *Id*. at 26-7.  The second
15  decision, dated May 27, 2005, was a determination that Plaintiff was not disabled and was not
16  entitled to wage compensation.  *Id*.  Plaintiff's 2005 Amended Complaint stated that: 1) OWCP
17  "denied him of his equal protection rights guaranteed by U.S.C.A. [sic] Const. Amend. 14, by
18  concluding that their correspondence dated January 30, 2004 was not intended as, nor does it
19  constitute a decision, causing Plaintiff to be denied of his right to file an Appeal," 2) OWCP's May
20  27, 2005, decision to deny Plaintiff's FECA claim for benefits "denied Plaintiff of his equal
21  protection rights guaranteed by U.S.C.A. [sic] Const. Amend. 14, because Plaintiff had provided
22  said defendant with a medical report dated June 8, 2004" which indicated he was disabled, and 3)
23  OWCP committed fraud against Plaintiff "when stating in their decision dated May 27, 2005, that
24  at the time of Plaintiff's termination his employing agency was providing him light duty for his
25  work injury" and
26
> When stating in their decision dated May 27, 2005, that he have [sic] not provided
27  any evidence that his employing agency committed any error or abuse in his case,
> because the Plaintiff had provided said defendant with two medical reports . . . . But
28  because of Plaintiff's race (Black), said Defendant so negligently, wantonly or

ORDER - 5

willfully concluded that Plaintiff have not provided them with any evidence that his employing agency had committed any error or abuse in his case.

*Id*. Plaintiff sought $5,000,000.00 dollars in damages. *Id*.

On October 6, 2006, this Court granted Defendants' Motion to Dismiss the Amended Complaint in C05-5742RJB. Dkt. 8-9, at 33. Claims related to events prior to the April 2004 dismissal were again dismissed with prejudice as barred by *res judicata*. *Id.*, at 37. Claims not based on the constitution and related to events after April 2004 were dismissed because the Court lacked jurisdiction to review the merits of the claims and Plaintiff failed to exhaust his administrative remedies. *Id*. Plaintiff's equal protection and due process claims, based on the denial of benefits after April 2004, were dismissed without prejudice for failing to allege sufficient facts to support his claims. *Id.*, at 38-39. The final judgment was entered on October 17, 2006. The United States Court of Appeals for the Ninth Circuit summarily affirmed this Court's judgment. Dkt. 8-9, at 47-48.

### B.     PROCEDURAL HISTORY OF CURRENT LITIGATION

On December 20, 2007, Defendants' motion for the dismissal of Plaintiff's 2007 Complaint was granted, in part, and denied, in part. Dkt. 14. All Plaintiff's claims in the 2007 Complaint were dismissed with prejudice as barred by *res judicata,* except Plaintiff's constitutional claims based upon events occurring since April 28, 2004. *Id*. Plaintiff did not clearly move to amend his 2007 Complaint, but his pleadings referenced "reopening" his 2005 case. *Id.* Plaintiff was reminded that if he intended to amend his complaint he must do so in accordance with the Federal Rule of Civil Procedure and Local Rules. *Id*. Plaintiff's Motion for Reconsideration of the December 20, 2007 order was denied. Dkt. 17.

### C.     PENDING MOTIONS

Defendants now move for the dismissal of Plaintiff's remaining constitutional claims, arguing that: 1) the facts that Plaintiff has asserted amount to nothing more than allegations that his claims for FECA benefits should have been approved, and this Court lacks jurisdiction to review determinations under FECA, 2) Plaintiff has not alleged a factual basis for his constitutional

ORDER - 6

claims, and 3) the Court lacks jurisdiction to consider Plaintiff's claims for monetary relief because the United States has not waived sovereign immunity. Dkts. 15 and 19.

Plaintiff files a pleading entitled "Plaintiff's Second Motion to Deny the Defendants' Second Motion to Dismiss." Dkt. 18. This pleading should be construed, in part, as Plaintiff's Response to Defendants' Second Motion to Dismiss. *Id*. Plaintiff argues that: 1) the "medical evidence of the record in this action support [sic] Plaintiff's substantial constitutional claims relating to the denial of his said FECA benefits," 2) this Court mistakenly ruled on July 18, 2006 that Plaintiff could not make substantial constitutional claims predicated on events before April 28, 2004, and 3) he disputes "the finality of all of the Court's prior judgments" because all the prior actions were dismissed on "technicalities." Dkt. 18. In that same pleading, Plaintiff moves "the Court to remove the res judicata rules from all his prior actions regarding his said substantial constitutional claims relating to the denial of his said FECA benefits from its prior orders entered on July 18, 2006 and December 20, 2007." *Id*. at 4.

Plaintiff also moves for the "right to amend his above-entitled action." *Id*. at 4-5. In their Reply, Defendants argue that Plaintiff has failed to provide a factual basis for his constitutional claims. Dkt. 19. Plaintiff filed a supplemental pleading in which he argues that the Court should deny Defendants' Motion as it applies to his constitutional claims because the medical evidence supports his claim. Dkt. 20. Plaintiff argues that Defendants committed several "fraudulent" acts against him in the denial of his "accepted employment related asthma injury and disease claim brought under the FECA." *Id*. Plaintiff moves to amend his 2007 Complaint to include those claims. *Id*.

## II. DISCUSSION

### A. STANDARD

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as

ORDER - 7

admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007)(*internal citations omitted*). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

### B.   MOTION TO DISMISS

#### 1.   Jurisdiction to Review FECA Claims

Federal court review of the merits of Plaintiff's FECA claim is generally precluded by 5 U.S.C. § 8128(b). *See Rodrigues v. Donovan*, 769 F.2d 1344 (9th Cir. 1985). Under 5 U.S.C. § 8128(b), a decision by the Secretary of Labor (or his designee) in allowing or denying payment is not subject to review by another official of the United States or by a Court by mandamus or otherwise. The Ninth Circuit has determined that federal courts do retain jurisdiction to review substantial constitutional claims. *See Rodrigues* at 1348.

To the extent that Plaintiff is attempting to urge the Court to overturn the Defendants' denial of benefits on what are functionally non-constitutional grounds, his claims should be dismissed because the Court has no jurisdiction upon which to act. Plaintiff repeatedly points to medical evidence and argues that he was improperly denied benefits. Dkt. 18 and 20. To the extent that his arguments, in essence, are a plea for the Court to review the merits of Plaintiff's FECA claim on non-constitutional grounds, the Defendants' Motion should be granted and Plaintiff's claims dismissed.

#### 2.   Sufficiency of the Factual Allegations to Support Equal Protection and Due Process Claims

To establish a violation of equal protection, a plaintiff must show that he or she received

ORDER - 8

treatment invidiously dissimilar to that received by others outside of his protected class. *See Divers v. Dept. of Corrections*, 912 F.2d 191, 193 (8th Cir. 1990). In addition, a Plaintiff must demonstrate that defendants acted with the intent to discriminate. *Sischo-Nownejad v. Merced Community College Dist.*, 934 F.2d 1104, 1112 (9th Cir. 1991). Plaintiff does not allege adequate facts in his 2007 Complaint to support his equal protection claim. Plaintiff merely states that his equal protection rights were violated. Dkt. 1. Accordingly, Plaintiff's equal protection claim should be dismissed.

Plaintiff's due process claim should also be dismissed. FECA establishes a comprehensive and exclusive workers' compensation scheme for federal employees. *Markham v. United States*, 434 F.3d 1185, 1187 (9th Cir. 2006). Claims of entitlement to federal disability payments are a government created property interest. *Raditch v. United States,* 929 F.2d 478, 480 (9th Cir. 1991). "When a government-created property interest is at stake, due process principles require at least notice and an opportunity to respond in some manner, whether in writing or at an oral hearing, before termination of that interest." *Id.*

Plaintiff fails to allege sufficient facts in his 2007 Complaint to support his due process claim. He alleges that the medical evidence establishes he is entitled to benefits and Defendants' denial violated his due process rights. Dkts. 1, 18, and 20. This argument reaches neither of the cores of due process (notice and the opportunity to be heard), but only challenges Defendants' findings.

Plaintiff's vague allegations of constitutional violations, without more, provide no basis for this Court to review the merits of his workers' compensation claims.

### 3. Monetary Relief

Although Plaintiff was cautioned in the prior order dismissing his first complaint that monetary damages were not available where the United States and its agencies have not waived sovereign immunity, he requested $5,000,000.00 in damages in his Complaint. Dkt. 1, at 5. Plaintiff has failed to cite to any evidence that the Defendants here have waived their sovereign immunity, or any authority which indicates that he is entitled to monetary relief. Defendants'

ORDER - 9

motion to dismiss the portion of Plaintiff's Complaint which seeks $5,000,000.00 in damages should be granted.

### C. MOTION FOR RECONSIDERATION

To the extent Plaintiff is moving for reconsideration of the December 28, 2007, order dismissing all Plaintiff's claims with prejudice as barred by res judicata, except Plaintiff's constitutional claims based upon events occurring since April 28, 2004, his motion should be denied. Local Fed. R. Civ. P. 7(h) provides, in relevant part, as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Plaintiff failed to meet his burden under Local Rule CR 7(h)(1). Plaintiff did not show a manifest error in the prior rulings, or new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Plaintiff simply repeats his earlier arguments. Plaintiff's Motion for Reconsideration, as it relates to the December 28, 2007 order, should be denied.

To the extent that Plaintiff is moving for reconsideration of the orders issued in the 2005 case (C05-5742RJB), Plaintiff's motion should be denied. Plaintiff has not complied with the procedural requirements of Local Fed. R. Civ. P. 7(h)(2), which requires that a motion for reconsideration be "filed within ten judicial days following the order to which it relates." More importantly, Plaintiff appealed the decisions of this Court in the 2005 case to the U.S. Ninth Circuit Court of Appeals, and did not prevail. Dkt. 8-9, at 47-48. His motion for reconsideration, as to any of the orders in the 2005 case, should be denied.

### D. MOTION TO AMEND

Fed. R. Civ. P. 15(a)(1) permits a party to amend the complaint before being served with a responsive pleading; or within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar. In all other cases, Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the

ORDER - 10

court's leave. The court should freely give leave when justice so requires." "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)(*internal quotations and citations omitted*).

Plaintiff's motion should be denied for both procedural and substantive reasons. As to the procedural basis for denying Plaintiff's motion, his pleading, "Plaintiff's Second Motion to Deny the Defendants' Second Motion to Dismiss" (Dkt. 18) is not captioned in accord with the Local Rule, nor does it contain a noting date, if he intends this pleading to be his motion to amend his 2007 Complaint. Local Fed. R. Civ. P. 7(b)(1) provides that "all motions shall include a caption" and "the date the motion is to be noted for consideration." Motions to amend pleadings are to be noted no earlier than seven judicial days after filing. Local Fed. R. Civ. P. 7(d)(2). Plaintiff has been admonished by this court on several occasions, including in the 2005 case and in the present litigation, to follow the Local and Federal Rules when he moves the Court for relief. Dkts. 8-9, at 15; 8-9, at 33, and 14.

Turning to the substance of Plaintiff's motion, the five factors related in *Johnson* favor a denial of his motion to amend. The first factor to be considered in whether to permit amendment, the Plaintiff's bad faith, favors denial of the motion. In the circumstances, Plaintiff gives the Court no choice but to construe his current motion to amend as an act in bad faith. Plaintiff fails to attach a proposed Amended Complaint, however, in discussing his desire to amend his 2007 Complaint, Plaintiff does reference "fraud acts" related to Defendants May 27, 2005 letter and other documents sent by Defendants to Plaintiff. Dkts. 18 and 20. Plaintiff has now had several of his 2007 claims dismissed with prejudice, including his fraud, FECA, and constitutional claims based upon events prior to April 28, 2004. Dkt. 14. These claims were held to be barred by res judicata. *Id*. Plaintiff has also been warned repeatedly (in this litigation and in the 2005 litigation) that if he moves to amend his complaint, he should limit his claims to constitutional claims based on events occurring after the April 28, 2004 dismissal of the 2003 case. *Id*. The December 2007

ORDER - 11

order also warned Plaintiff that if he chooses to amend his complaint and alleges fraud claims, FECA claims, or constitutional claims based on facts occurring before April 28, 2004, he runs a high risk of incurring sanctions pursuant to Rule 11. *Id*. Plaintiff was strongly cautioned to avoid filing anything which was frivolous or is intended to harass others in violation of Fed. Civ. R. Pro. 11. *Id.* Plaintiff was warned that sanctions for violating Rule 11 include the imposition of fines or dismissal of the case with prejudice. *Id*. Plaintiff was also told that he should be aware that the Court has inherent power to "'regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.'" *Id*. (citing *DeLong v. Hennessey and Mansfield,* 912 F.2d 1144, 1147 (9th Cir. 1990)). Plaintiff has disregarded the multiple warnings of the Court. He has continued to file pleadings which have no basis in law or fact. A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). The first factor, whether the moving party is acting in bad faith, favors denial of Plaintiff's motion.

The second factor, undue delay, also favors denial of the motion. Plaintiff has been litigating this matter for years. He has alleged several different theories of recovery, each of which has failed. Plaintiff's current attempt appears to be a rehashing of the same issues. Plaintiff was given two opportunities to amend his complaint in the 2005 action. He was given specific parameters in both the 2005 case and this case on how to proceed if he wish to amend his complaint. Plaintiff continues to ignore this Court's instructions, and has done so for over two years. At this stage in this case, and considering the Plaintiff's history in litigating these issues, his motion to amend his complaint should also be denied because of undue delay.

The third factor, prejudice to the opposing party, favors denial of the motion. Defendants have been forced to defend these cases for several years. An extraordinary amount of time has been dedicated to resolving Plaintiff's claims. Further delay in finally resolving the litigation would unduly prejudice the Defendants.

The fourth and fifth factors, futility and the number of times Plaintiff has had to amend his complaint, also favor a denial of the motion. As to the fourth factor, it appears that further

ORDER - 12

amendment to this 2007 Complaint would be futile. Plaintiff has been given multiple opportunities, in this and in the 2005 case, to amend his complaint in such a way as to plead enough facts to at least state a claim for which relief may be granted. Plaintiff was given the elements of his claims, but has not yet pled even the most basic of facts to support them, even given the most liberal construction. Because plaintiff filed this complaint *pro se*, the court has construed the pleadings liberally and has afforded plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). It appears that Plaintiff has had may chances to amend his claims, and giving Plaintiff additional opportunities to amend his 2007 Complaint would be futile. "Futility alone can justify the denial of a motion to amend." *Johnson*, at 1077.

**E.     CONCLUSION**

For the reasons stated above, Defendants' Second Motion to Dismiss should be granted. The dismissal should be with prejudice both because of the failure to plead any factual basis to support those claims, and also because no amendment can cure the failure. *Reddy v. Litton Industries, Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990). Plaintiff's motions for reconsideration should be denied. Plaintiff's motion to amend his 2007 Complaint should also be denied.

### III.     ORDER

Therefore, it is now **ORDERED** that:

- Defendants' Second Motion to Dismiss (Dkt. 15) is **GRANTED**, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**;
- Plaintiff's Motion for Reconsideration as it pertains to this case (Dkt. 18) is **DENIED**;
- Plaintiff's Motion for Reconsideration as it pertains to the orders in C05-5742RJB (Dkt. 18) is **DENIED**;
- Plaintiff's Motion to Amend his Complaint (Dkt. 18) is **DENIED**;
- The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

ORDER - 13

1    DATED this 11th day of February, 2008.

                                  /s/ Robert J. Bryan
                                  ROBERT J. BRYAN
                                  United States District Judge

ORDER - 14